IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Jimmy West,                             )
                                        )        2:11-cv-0364-GEB-CKD
                Plaintiff,              )
                                        )
        v.                              )        ORDER
                                        )
RCS REO I, LLC; Residential             )
Credit Solutions, Inc.; Mortgage        )
Electronic Registration Systems,        )
Inc.,                                   )
                                        )
                Defendants.             )
_____

        Defendants RCS REO I, LLC ("RCS") and Mortgage Electronic Registration System, Inc. ("MERS"), removed this case from state court, arguing that both federal question and diversity jurisdiction justified removal. (Notice of Removal ("NOR"), ECF No. 1.)

        RCS and MERS argue in the Notice of Removal that complete diversity of citizenship exists because, *inter alia*, "RCS is . . . a limited liability company under the laws of the State of Delaware, and its principal place of business in in the State of Texas." (NOR 2:23-25.) "There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed. Appx. 62, 64 (9th Cir. 2011) (internal quotation marks omitted). "For purposes of diversity jurisdiction, . . . a limited liability corporation is a citizen of all of the states of which its

owners/members are citizens." Id. (citation omitted). "[T]he citizenship of all members of limited liability corporations . . . [must] be alleged." Id. RCS and MERS have not sustained their burden of showing the existence of diversity removal jurisdiction because the citizenship of RCS is not sufficiently alleged.

Furthermore, RCS and MERS argue that "[t]his Court also has jurisdiction over this [case] under 28 U.S.C. § 1331 because Plaintiff asserts a cause of action under the Federal Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1692 et seq." (NOR 3:25-27.) In his FDCPA claim, Plaintiff alleges that "defendants proceeded to collect a debt from plaintiff by means of an 'end run' or 'sneak' foreclosure[,]" pursuant to the deed of trust Plaintiff executed when he refinanced his property. (Complaint ¶¶ 10-11, 72, ECF No. 1-1.) However, "foreclosing on a property pursuant to a deed of trust is not debt collection within the meaning of the FDCPA." Lipscomb v. Mortgage Elec. Registration Sys., Inc., No. 11-cv-497, 2011 WL 3361132, at *8 (E.D. Cal. Aug. 3, 2011) (citations omitted); see also Gamboa v. Trustee Corps, No. 09-0007, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009) ("the law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the . . . FDC[P]A."). Therefore, Plaintiff's federal Fair Debt Collection Practices Act claim is dismissed without leave to amend. See Neal v. E-Trade Bank, No. 11-0954, 2011 WL 3813158, at *2-3 (E.D. Cal. Aug. 26, 2011) (dismissing FDCPA claim based on allegations similar to Plaintiff's without leave to amend).

Therefore, this case is remanded to the Superior Court of California in the County of Sutter, from which it was removed for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c) (prescribing

that the case shall be remanded "when it appears that the district court
lacks subject matter jurisdiction . . . .").

Dated:  February 3, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge